United States Bankruptcy Court

Eastern District of Pennsylvania

In re:     Case No. 25-12457-pmm

Crystal Renee Clark-Jordan     Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 1

Date Rcvd: Aug 04, 2025     Form ID: pdf900     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 06, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Crystal Renee Clark-Jordan, 5704 N 12th Street, Philadelphia, PA 19141-4111 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2025     Signature:     /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| MICHAEL A. CIBIK | on behalf of Debtor Crystal Renee Clark-Jordan help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| ROBERT H. HOLBER | trustee@holber.com  rholber@ecf.axosfs.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 3

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
Crystal Renee Clark-Jordan,          :          Chapter 7
                                     :
                                     :
              Debtors.               :          Bky. No.    25-12457 (PMM)

### ORDER SETTING HEARING WITH REGARD TO REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** a reaffirmation agreement of the kind specified in 11 U.S.C. §524(c) between the Debtor and Citizens Bank, N.A. has been filed with the court (doc. #10);

**AND**, 11 U.S.C. §524(m) provides that a reaffirmation agreement shall be presumed to be an undue hardship on the Debtor if the Debtor's monthly income less the Debtor's monthly expenses as shown on the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt;

**AND**, based on the Debtor's monthly income and monthly expenses as shown on the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A), as well as the income stated on Schedule I and expenses stated on Schedule J, the Debtor appears to have insufficient income to pay the scheduled payments on the reaffirmed debt,

**It is therefore ORDERED** that:

1. There is a presumption that the reaffirmation agreement would impose an undue hardship on the Debtor.  See 11 U.S.C. §524(m)(1).

2. Pursuant to §524(m)(1), a hearing shall be held on **Wednesday, August 20, 2025 at 9:30 a.m.** in Bankruptcy Courtroom No. 3, U.S. Courthouse, 900 Market Street, Philadelphia, PA. to determine whether the reaffirmation agreement will be disapproved ("the §524(m)(1) Hearing").

3. Pending the conclusion of the §524(m)(1) Hearing, the discharge order under 11 U.S.C. §727(a) shall not be entered.  See Fed. R. Bankr. P.  4004(c)(1)(K).

*Patricia M. Mayer*

**Date: 8/4/25**

                        **PATRICIA M. MATER**
                        **U.S. BANKRUPTCY JUDGE**